Jeff S. Hood (Bar No. 216703)
jeff.hood@procopio.com
PROCOPIO, CORY, HARGREAVES &
 SAVITCH LLP
12544 High Bluff Drive, Suite 400
San Diego, CA 92130
Telephone: 858.720.6300
Facsimile: 619.235.0398

Sean M. Sullivan (Bar No. 254372)
sean.sullivan@procopio.com
PROCOPIO, CORY, HARGREAVES &
 SAVITCH LLP
525 B Street, Suite 2200
San Diego, CA 92101
Telephone: 619.238.1900
Facsimile: 619.235.0398

Attorneys for SLSCO, Ltd.

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COSIMO CAVALLARO, and ART ABOVE GROUND,<br><br>Plaintiffs,<br><br>v.<br><br>SLSCO, LTD., and ULTIMATE CONCRETE, LLC,<br><br>Defendants. | Case No. 3:20-cv-02157-WQH-AGS<br><br>ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES<br><br>DEMAND FOR JURY TRIAL<br><br>District Judge: Hon. William Q. Hayes<br>Magistrate Judge: Hon. Andrew G. Schopler |

Defendant SLSCO, Ltd. ("Defendant" or "SLSCO"), answers the Complaint of plaintiffs Cosimo Cavallaro ("Cavallaro") and Art Above Ground ("AAG") as follows:

1. SLSCO lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1, and so denies each and every allegation contained in paragraph 1.

1
ANSWER TO COMPLAINT

2.  In response to paragraph 2, SLSCO admits it is a federal contractor engaged by the United States Government to construct, repair or replace the barrier that tracks the border between the United States and Mexico. SLSCO admits that defendant Ultimate Concrete, LLC is a subcontractor to SLSCO on the border project. To the extent paragraph 2 alleges SLSCO destroyed Cavallo's "Cheese Wall," it denies each and every such allegation. SLSCO lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2, and so denies those allegations. Except as expressly admitted or explained, denied.

3.  To the extent paragraph 3 alleges SLSCO destroyed Cavallo's "Cheese Wall," it denies each and every such allegation. SLSCO lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3, and so denies those allegations. Otherwise, denied.

## PARTIES

4.  SLSCO lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4, and so denies each and every allegation contained in paragraph 4.

5.  SLSCO lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5, and so denies each and every allegation contained in paragraph 5.

6.  SLSCO denies the allegations of paragraph 6. SLSCO is a Texas limited partnership.

7.  SLSCO denies the allegations of paragraph 7. SLSCO is informed and believes that Ultimate Concrete LLC is a Texas limited liability company.

## JURISDICTION AND VENUE

8.  Answering paragraph 8, SLSCO admits that this court has federal subject matter jurisdiction over disputes arising under the Copyright Act, Title 17 of the United States Code, and that based on the claims alleged in the Complaint, the

court has jurisdiction over this matter.

9. Answering paragraph 9, SLSCO admits that based on the claims and facts alleged in the Complaint and the parties hereto, venue is proper in this district.

## **BACKGROUND FACTS**

10. Pursuant to Federal Rule of Civil Procedure 8(b)(5), SLSCO states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

11. Pursuant to Federal Rule of Civil Procedure 8(b)(5), SLSCO states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11.

12. Pursuant to Federal Rule of Civil Procedure 8(b)(5), SLSCO states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13. Pursuant to Federal Rule of Civil Procedure 8(b)(5), SLSCO states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14. Pursuant to Federal Rule of Civil Procedure 8(b)(5), SLSCO states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15. Pursuant to Federal Rule of Civil Procedure 8(b)(5), SLSCO states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.

16. Pursuant to Federal Rule of Civil Procedure 8(b)(5), SLSCO states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16.

17. Pursuant to Federal Rule of Civil Procedure 8(b)(5), SLSCO states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

18. Pursuant to Federal Rule of Civil Procedure 8(b)(5), SLSCO states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.

19. Pursuant to Federal Rule of Civil Procedure 8(b)(5), SLSCO states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19.

20. Pursuant to Federal Rule of Civil Procedure 8(b)(5), SLSCO states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20.

21. Pursuant to Federal Rule of Civil Procedure 8(b)(5), SLSCO states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21.

22. SLSCO admits the allegations in paragraph 22.

23. Pursuant to Federal Rule of Civil Procedure 8(b)(5), SLSCO states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23.

24. To the extent paragraph 24 alleges SLSCO destroyed the "Cheese Wall," SLSCO denies each and every such allegation. Pursuant to Federal Rule of Civil Procedure 8(b)(5), SLSCO lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24.

25. Pursuant to Federal Rule of Civil Procedure 8(b)(5), SLSCO states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25.

26. To the extent paragraph 26 alleges SLSCO destroyed the "Cheese Wall," SLSCO denies each and every such allegation. Pursuant to Federal Rule of Civil Procedure 8(b)(5), SLSCO lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26.

27. Pursuant to Federal Rule of Civil Procedure 8(b)(5), SLSCO states that

it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27.

28. To the extent paragraph 28 alleges SLSCO destroyed the "Cheese Wall," SLSCO denies each and every such allegation. Pursuant to Federal Rule of Civil Procedure 8(b)(5), SLSCO lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 28.

29. To the extent paragraph 29 alleges SLSCO destroyed the "Cheese Wall," SLSCO denies each and every such allegation. Pursuant to Federal Rule of Civil Procedure 8(b)(5), SLSCO lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29.

## FIRST CAUSE OF ACTION
### (Visual Artists Rights Act, 17 U.S.C. § 106A; against SLSCO and Ultimate Concrete)

30. Answering paragraph 30, SLSCO incorporates by reference its responses to each of the foregoing paragraphs as if fully set forth herein.

31. SLSCO denies the allegations made in paragraph 31 against it.

32. Pursuant to Federal Rule of Civil Procedure 8(b)(5), SLSCO lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32, which also contains legal argument and conclusions of law.

33. SLSCO denies the allegations made in paragraph 33.

34. SLSCO denies the allegations made in paragraph 34 against it. Pursuant to Federal Rule of Civil Procedure 8(b)(5), SLSCO lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 34, which also contains legal argument and conclusions of law. Otherwise, denied.

35. SLSCO denies the allegations made in paragraph 35.

36. SLSCO denies the allegations made in paragraph 36.

37. SLSCO denies the allegations made in paragraph 37.

38. Pursuant to Federal Rule of Civil Procedure 8(b)(5), SLSCO lacks

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38, which also contains legal argument and conclusions of law.

## SECOND CAUSE OF ACTION

### (Conversion; against SLSCO and Ultimate Concrete)

39. Answering paragraph 39, SLSCO incorporates by reference its responses to each of the foregoing paragraphs as if fully set forth herein.

40. Pursuant to Federal Rule of Civil Procedure 8(b)(5), SLSCO lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40, which also contains legal argument and conclusions of law.

41. SLSCO denies the allegations made in paragraph 41 against it. Pursuant to Federal Rule of Civil Procedure 8(b)(5), SLSCO lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 41, which also contains legal argument and conclusions of law.

42. Pursuant to Federal Rule of Civil Procedure 8(b)(5), SLSCO lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42, which also contains argument and conclusions of law.

43. SLSCO denies the allegations made in paragraph 43 against it. Pursuant to Federal Rule of Civil Procedure 8(b)(5), SLSCO lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 43, which also contains legal argument and conclusions of law.

44. Pursuant to Federal Rule of Civil Procedure 8(b)(5), SLSCO lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44, which also contains argument and conclusions of law.

## THIRD CAUSE OF ACTION

### (Private Nuisance, under Cal. Civil Code §§ 3479, 3481; against SLSCO and Ultimate Concrete)

45. Answering paragraph 45, SLSCO incorporates by reference its responses to each of the foregoing paragraphs as if fully set forth herein.

46. Pursuant to Federal Rule of Civil Procedure 8(b)(5), SLSCO lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46, which also contains legal argument and conclusions of law.

47. SLSCO denies the allegations made in paragraph 47 against it. Pursuant to Federal Rule of Civil Procedure 8(b)(5), SLSCO lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 47.

48. SLSCO denies the allegations made in paragraph 48 against it. Pursuant to Federal Rule of Civil Procedure 8(b)(5), SLSCO lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 48, which also contains legal argument and conclusions of law.

## FOURTH CAUSE OF ACTION
### (Trespass to Chattels; against SLSCO and Ultimate Concrete)

49. Answering paragraph 49, SLSCO incorporates by reference its responses to each of the foregoing paragraphs as if fully set forth herein.

50. SLSCO denies the allegations made in paragraph 50 against it. Pursuant to Federal Rule of Civil Procedure 8(b)(5), SLSCO lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 50.

51. SLSCO denies the allegations made in paragraph 51.

## FIFTH CAUSE OF ACTION
### (Trespass; against SLSCO and Ultimate Concrete)

52. Answering paragraph 52, SLSCO incorporates by reference its responses to each of the foregoing paragraphs as if fully set forth herein.

53. Pursuant to Federal Rule of Civil Procedure 8(b)(5), SLSCO lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53, which also contains legal argument and conclusions of law.

54. SLSCO denies the allegations made in paragraph 54 against it. Pursuant to Federal Rule of Civil Procedure 8(b)(5), SLSCO lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 54.

55. SLSCO denies the allegations made in paragraph 55.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

(Failure to State a Claim)

1. The Complaint, and each and every cause of action therein, fails to state facts sufficient to constitute a cause of action against Defendant SLSCO.

### Second Affirmative Defense

(Non-Copyrightable Subject Matter)

2. Plaintiffs' claimed work fails to satisfy the requirements of 17 U.S.C. § 102.

### Third Affirmative Defense

(Not A Work of Visual Art)

3. Plaintiffs' claimed work fails to qualify as a work of visual art under 17 U.S.C. §§ 101 and 106A.

### Fourth Affirmative Defense

(Merger)

4. Plaintiff's claims against Defendant are barred by the merger doctrine.

### Fifth Affirmative Defense

(Lack of Authorship or Ownership)

5. On information and belief, one or more of Plaintiffs are not the original author or not the current owner of rights in and to the claimed work.

### Sixth Affirmative Defense

(Lack of Standing)

6. On information and belief, one or more of Plaintiffs lack standing to assert the claims contained in the Complaint, including but not limited to limitations under 17 U.S.C. § 106A(b).

## Seventh Affirmative Defense

(Preemption)

7. One or more of the causes asserted in the Complaint is subject to preemption by federal law, including under 17 U.S. Code § 301.

## Eighth Affirmative Defense

(Apportionment)

8. Defendant is informed and believes and thereon alleges that if, at the time of trial, the Court or jury determine that there was some degree of responsibility on the part of Defendant, and that Defendant's conduct was a proximate cause of Plaintiff's alleged damages, Defendant alleges and contends that such injuries and damages, if any, were proximately caused by the concurrent negligence of Plaintiff and/or other persons or entities, and that this answering Defendant's liability, if any, is limited to the extent of this Defendant's proportionate responsibility.

## Ninth Affirmative Defense

(Lack of Causation)

9. Plaintiffs have suffered no loss, damage, injury or harm caused by any conduct, inactions, or actions of SLSCO.

## Tenth Affirmative Defense

(No Statutory Damages or Attorney Fees - Copyright Act, 17 U.S.C. §§ 504 & 505.)

10. Plaintiffs are not entitled to statutory damages, nor enhanced statutory damages for willful or intentional infringement against SLSCO. Plaintiffs should not be granted a discretionary award of attorneys' fees and costs against SLSCO under the Copyright Act.

## Eleventh Affirmative Defense

(No Actual Damages)

11. Plaintiffs alleged damages are purely speculative, removed, remote or unforeseeable, and thus the requested relief cannot be granted.

## Twelfth Affirmative Defense

(Failure to Join Necessary and Indispensable Party)

12. On information and belief, Plaintiffs failed to join all necessary and indispensable parties such that the court cannot accord complete relief among existing parties.

## Thirteenth Affirmative Defense

(Abandonment)

13. On information and belief, by their words and conduct, Plaintiffs expressly or implicitly abandoned or forfeited the rights now asserted in the Complaint.

## Fourteenth Affirmative Defense

(Acquiescence)

14. On information and belief, by their words and conduct, Plaintiffs expressly or implicitly acquiesced in the conduct now complained of in the Complaint.

## Fifteenth Affirmative Defense

(Not Distortion, Mutilation or Other Modification)

15. On information and belief, the complained of condition of the claimed work resulted from the passage of time or the inherent nature of the materials used, and so does not constitute a distortion, mutilation, or other modification described in 17 U.S.C. § 106A(a)(3)(A).

## Sixteenth Affirmative Defense

(No Recognized Stature)

16. On information and belief, the claimed work is not a work of recognized stature under 17 U.S.C. § 106A.

## Seventeenth Affirmative Defense

(No Intentional or Grossly Negligent Destruction)

17. Plaintiffs fail to establish Defendant SLSCO committed any intentional or grossly negligent destruction of a work of recognized stature under 17 U.S.C. §

106A.

## Eighteenth Affirmative Defense

(No Intentional Distortion, Mutilation, or Other Modification)

18. Plaintiffs fail to establish Defendant SLSCO committed intentional distortion, mutilation, or other modification of the claimed work which would be prejudicial to Plaintiffs' honor or reputation.

## Nineteenth Affirmative Defense

(Set Off)

19. Any damages to any Plaintiff must be reduced to the extent SLSCO has a valid claim that can be set off against amounts due to Plaintiffs, if any.

## Twentieth Affirmative Defense

(Acts of a Third Party)

20. Plaintiffs' Complaint and each and every purported cause of action alleged therein are barred in whole or part because any damages to any Plaintiffs were the result of an intervening, preexisting and/or superseding independent cause, and because the claims for damages were caused solely by the acts or omissions of third parties who were not employees or agents of SLSCO or acting in connection with a contractual relationship with SLSCO, or over whom SLSCO had no control and for whom SLSCO had no responsibility. Such actions are the preexisting, superseding, supervening and/or intervening cause of Plaintiffs' injuries and therefore Plaintiffs may not recover from SLSCO as a matter of law.

## Twenty-First Affirmative Defense

(Contributory/Comparative Negligence)

21. Because Plaintiffs failed to exercise ordinary care, and caused, contributed to, and/or increased any damages alleged, any alleged damages any Plaintiff has suffered has been caused in whole or in part by that Plaintiff's acts or omissions or the acts or omissions of that Plaintiff's agents, and any damages that any Plaintiff may recover from SLSCO should be reduced or eliminated to the extent of its

comparative negligence.

## Twenty-Second Affirmative Defense

(No Proof of Loss of Enjoyment, Use or Value)

22. Any claims for property damage, diminution in value, or loss are barred as there is insufficient proof of loss of enjoyment, use, or value which warrants recovery; any such proofs are purely speculative in nature.

## Twenty-Third Affirmative Defense

(No Knowledge, Agency, Authorization or Ratification)

23. Defendant alleges on information and belief that Plaintiff's claims are barred against this Defendant because if any person or entity engaged in any unlawful conduct as alleged in the Complaint, such conduct was undertaken without this Defendant's knowledge, authorization, or ratification.

## Twenty-Fourth Affirmative Defense

(Additional Defenses)

24. Defendant SLSCO reserves the right to assert additional defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

## REQUEST FOR RELIEF

For these reasons, SLSCO asks the Court for the following relief:

a. For judgment in SLSCO's favor and against Plaintiff, with dismissal of Plaintiffs' action with prejudice;

b. for an order that Plaintiffs shall take no relief on their Complaint against SLSCO;

c. for an award of Defendant SLSCO's costs and attorneys' fees herein incurred, including under 17 U.S.C. § 505; and

d. for such further and other relief and the Court deems fair and just.

DATED: December 30, 2020

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By: /s/ Sean M. Sullivan
Jeff S. Hood
Sean M. Sullivan

Attorneys for SLSCO, Ltd.

## **JURY DEMAND**

Pursuant to the Federal Rules of Civil Procedure, Rule 38(b), and Civ.LR 38.1, SLSCO requests a trial by jury on all claims and issues raised in the Complaint which are so triable.

DATED: December 30, 2020

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By: /s/ Sean M. Sullivan
Jeff S. Hood
Sean M. Sullivan

Attorneys for SLSCO, Ltd.